UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

UNITED STATES OF AMERICA          CRIMINAL ACTION NO. 05-60040
                                  CIVIL ACTION NO. 09-451

VERSUS                            JUDGE MELANCON

LIONEL J. HENDERSON               MAGISTRATE JUDGE HANNA

*REPORT AND RECOMMENDATION*

Before the court is Lionel J. Henderson's Petition for Writ of Habeas Corpus

Pursuant to Title 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person

in Federal Custody (Rec. Doc. 153).  The motion is opposed.

*Background and Argument*

Lionel Henderson was indicted on July 13, 2005, for Count 1, Conspiracy to

Distribute Cocaine Base (Crack), in violation of 21 U.S.C. § 846 (50 or more grams);

Count 2, Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1)

(approximately 128.3 grams); Count 3, Distribution of Cocaine Base in violation of 21

U.S.C. § 841(a)(1) (approximately 124.9 grams).   On December 14, 2005, Henderson

was charged by superceding indictment with the original three counts and an additional

Count 4, Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1)

(approximately 119.14 grams); Count 5, Possession of a Firearm in Furtherance of a Drug

Trafficking Crime in violation of 18 U.S.C. § 924(c)(1); Count 6, Possession of Firearm

by Convicted Felon in violation of 18 U.S.C. § 922(g)(1); Count 7, Forfeiture, in

1

violation of 18 U.S.C. § 924(d)(1), of a black Mauser .45 caliber semiautomatic pistol and eight rounds of Winchester .45 caliber ammunition.

On April 21, 2006, Henderson was found guilty on Counts 1 and 2, but was found not guilty on Counts 3 and 4, and not guilty on the firearm counts, Counts 5 and 6.[1] Henderson filed a Motion for New Trial, arguing there was insufficient evidence to convict him on Counts 1 and 2, which was denied.[2]   The government filed a Notice of "Other Crimes" Evidence and a Motion for Hearing to Establish Previous Conviction Pursuant to 21 U.S.C. § 851, in which it asked that Lionel Henderson, because of two prior felony drug convictions, be subject to the mandatory life imprisonment penalty of 21 U.S.C. §841(b)(1)(A).[3]   Lionel Henderson was sentenced to life imprisonment.[4]

Lionel Henderson appealed his sentence.[5]  The United States Court of Appeals for the Fifth Circuit affirmed his sentence, issued as mandate on October 25, 2007.[6]   The Fifth Circuit summarized Henderson's argument on appeal as follows:

> Lionel Henderson claims that the district court erred in finding that his state felony convictions for mere possession of cocaine qualified as felony drug offenses for the purposes of enhancement under 21 U.S.C. § 841(b)(1)(A).

---

[1]*Verdict Form* (Rec. Doc. 100).

[2]*Motion for New Trial* (Rec. Doc. 103); *Minutes of Court* (Rec. Doc. 114).

[3]*Notice of "Other Crimes" Evidence* (Rec. Doc. 81) and *Motion for Hearing to Establish Previous Conviction Pursuant to 21 U.S.C. § 851* (Rec. Doc. 93).

[4]*Judgment in a Criminal Case* (Rec. Doc. 116).

[5]See *Notices of Appeal* (Rec. Docs. 117, 120).

[6]See *Judgments* (Rec. Docs. 141, 142).

He argues that the court subsequently erred in sentencing him to life
imprisonment.

.   .   .

He [Lionel Henderson] concedes that this issue is foreclosed by circuit
precedent, *United States v. Sandle,* 123 F.3d 809, 812 (5th Cir. 1997), and
raises it to preserve it for further review.  In light of circuit precedent, the
district court did not err in sentencing Lionel Henderson to two concurrent
terms of life imprisonment.[7]

In the present motion to vacate, Henderson argues his constitutional rights were

violated when he was sentenced under the provisions of 21 U.S.C. § 841(b)(1)(A) based

on an assumption the relevant substance was "crack" cocaine. Henderson contends the

jury did not find this fact beyond a reasonable doubt in violation of <u>Apprendi v. New

Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348 (2000).  Henderson also argues his life sentence is

based on "unjust and racist disparity in punishment between powder and crack cocaine, in

violation of Petitioner's due process and equal protection rights."[8]

Henderson asserts he received ineffective assistance of counsel at sentencing and

on appeal.  Henderson argues trial counsel failed to object to his sentence being based on

the assumption he was responsible for "crack" cocaine when no jury finding had been

made the substance was actually "crack."  Henderson argues his appellate counsel was

also ineffective because his trial counsel objected to the introduction of Rule 404(b)

evidence, and made motions for mistrial, a new trial, and acquittal, all of which were

_____

[7]*Judgments* (rec. Doc. 142), p. 8,13.

[8]*Motion to Vacate* (Rec. Doc. 153), p. 7.

denied by the trial court, but his appellate counsel only raised one issue on appeal, the use of the state court felony convictions, and that was  "admittedly foreclosed by Circuit precedent."[9]

***Applicable Law and Discussion***

***Scope of § 2255 Relief***

The scope of relief afforded under § 2255 is extremely narrow.  It is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992); United States v. Acklen, 47 F.3d 739, 741 (5th Cir.1995).  "We apply this rigorous standard in order to ensure that final judgments command respect and that their binding effect does not last only until "the next in a series of endless post-conviction collateral attacks." United States v. Shaid, 937 F.2d 228, 231-232 (5th Cir.1991), *cert. denied*, 112 S.Ct. 978 (1992).

Section 2255 provides four grounds for relief:

1.     that the sentence violates the Constitution or other federal law;
2.     that the court lacked jurisdiction;
3.     that the sentence exceeded the maximum allowed by law; or
4.     that the sentence is otherwise "subject to collateral attack."

28 U.S.C. § 2255.

Section 2255 does not contain an exhaustion requirement, but a petitioner may not

---

[9]*Motion to Vacate* (Rec. Doc. 153), p. 8.

4

collaterally attack a conviction until it has been affirmed on appeal absent exceptional circumstances.  <u>Fassler v. United States</u>, 858 F.2d 1016, 1019 (5th Cir. 1988) (*per curiam*).  *See also* Section 2255 Rules, note 1, R. 5 advisory committee's note ("orderly administration of criminal law precludes considering such a motion absent exceptional circumstances").

Failure to raise a claim at trial or on appeal generally results in a waiver of the claim.  <u>United States v. Frady</u>, 456 U.S. 152, 162-66 (1982).  A defendant must show "cause" for his procedural default and "actual prejudice" resulting from the alleged error.  <u>Id</u>. at 170-171; <u>Shaid</u>, 937 F.2d at 232.  This "cause" and "prejudice" test must be satisfied even if the defendant alleges fundamental constitutional error.  <u>Murray v. Carrier</u>, 477 U.S. 478, 493, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986).

There are three recognized exceptions to the cause and prejudice requirement:

1.    In "extraordinary cases" where a constitutional error has probably resulted in the conviction and incarceration of someone who is actually innocent (<u>Carrier</u>, 106 S.Ct. at 2649; <u>Shaid</u>, 937 F.2d at 232);

2.    when the government fails to object to the consideration of newly raised issues (<u>United States v. Gaudet</u>, 81 F.3d 585, 589 (5th Cir. 1996); and

3.    for certain constitutional claims that may only be adequately addressed on collateral attack, such as ineffective assistance of trial counsel.  <u>United States v. Riascos</u>, 76 F.3d 93, 94-95 (5th Cir. 1996).

To prevail on an ineffective assistance of counsel claim, a petitioner must establish two things: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient

5

performance, the outcome of the proceedings would have been different.  Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984).  Because both Strickland factors, that of deficient performance and prejudice, must be satisfied, "an ineffective assistance contention may be rejected on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance." Strickland, 466 U.S. at 689-94.  In short, if the petitioner fails to make a sufficient showing as to one prong of the Strickland test, the other need not be considered and the two parts need not be anlayzed in any particular order. Tucker v. Johnson, 115 F.3d 276, 281 (5th Cir. 1997); Bryant v. Scott 28 F.3d 1411, 1415 (5th Cir. 1994); Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984); Goodwin v. Johnson, 132 F.3d 162, 172 n. 6 (5th Cir. 1998).

   With regard to the first prong, the burden is on the petitioner to show that counsel's representation fell below an objective standard of reasonableness.  Strickland, 466 U.S. at 688.  The court's scrutiny shall be "highly deferential" and the court must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689-90.  See also Marler v. Blackburn, 777 F.2d 1007, 1010 (5th Cir. 1985).  A habeas court must be careful not to second-guess legitimate strategic choices made by defense counsel which under the light of hindsight seem ill-advised and unreasonable.  Sawyer v. Butler, 848 F. 2d 582, 587-88 (5th Cir. 1988).

   With regard to the second prong,  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.  To

establish prejudice, it must be established that counsel's actions "were so serious as to render the proceedings unreliable and fundamentally unfair." <u>United States v. Saenz-Forero</u>, 27 f.3d 1016, 1019 (5th Cir. 1994); <u>Murray v. Maggio</u> 736 F.2d at 282; <u>Carter v. Johnson</u>, 110 F.3d 1098, 1110 (5th Cir. 1997).  As the <u>Strickland</u> court explained:

> [A]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of the criminal proceeding if the error had no effect on the judgment.  Cf. <u>United States v. Morrison</u>, 449 U.S. 361, 364-65 (1981).

<u>Strickland</u>, supra, at pages 691, 694-95; see also <u>Taylor v. Maggio</u>, 727 F.2d 241 (5th Cir. 1984); <u>United States v. Diaz</u>, 733 F. 2d 371 (5th Cir. 1984).  Since "any amount of actual jail time has Sixth Amendment significance,"  the petitioner must show he would have received less jail time in order to demonstrate prejudice. <u>Glover v. United States.</u>, 531 U.S. 198, 203 (2001); <u>United States v. Grammas</u>, 376 F.3d 433, 436 (5th Cir. 2004).

### Discussion

The alleged errors resulting from the use of the penalty provisions for crack cocaine and the constitutionality of the those penalty provisions were not raised on appeal and are  procedurally defaulted.   Even overlooking the default, the undersigned finds trial counsel was not ineffective at sentencing, nor was appellate counsel ineffective to the extent Henderson argues these errors should have been raised on appeal.

Under Fifth Circuit jurisprudence, "[a]lthough a substance does not appear to be crack cocaine, it may nevertheless be cocaine base within the meaning of § 841(b)."

7

United States v. Butler, 988 F.2d 537, 543 (5th Cir. 1993).  The jury verdict form referenced the indictment, which specifically referred to "crack" cocaine in Counts 1 through 4.  Therefore, the jury did find beyond a reasonable doubt that the substance Henderson was convicted of distributing in Counts 1 and 2 was "crack" cocaine. Likewise, the argument that the higher penalties for crack cocaine violate the Equal Protection Clause of the Fifth Amendment has been consistently rejected by the Fifth Circuit.  See United States v. Steen, 55 F.3d 1022, 1029 n.15 (5th Cir. 1995); United States v. Wilson 77 F.3d 105, 112 (5th Cir. 1996).

An attorney cannot be found ineffective for failing to raise a meritless objection. Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995).   Therefore, the undersigned finds Henderson's trial counsel was not ineffective for failing to raise these objections at sentencing and neither was appellate counsel ineffective for failing to raise these issues on appeal.

Henderson's argument that appellate counsel was ineffective for failing to raise as error the trial court's failure to exclude Rule 404(b) evidence, denial of mistrial, a new trial, and judgment of acquittal is also without merit.  Henderson's brother and co-defendant, Keith Roman Henderson, challenged not only his sentence, as did Lionel Henderson, but also his conviction.  Specifically, Keith Henderson argued on appeal that the trial court erred in denying his motion for new trial and for acquittal.  The Fifth Circuit affirmed the rulings of the trial court.  Having denied appeal on the same issues

raised by his co-defendant, the undersigned finds there is no reasonable probability that the Fifth Circuit would have found any merit in the same issues if raised on appeal by counsel for Lionel Henderson.  Therefore, Henderson can show no prejudice from appellate's counsel's failure to raise on appeal the trial court's rulings on the motion for new trial and for acquittal.

Regarding appellate counsel's failure to appeal the trial court's denial of the motions to exclude Rule 404(b) evidence and for mistrial, the burden is on Henderson to show that counsel's representation fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984).  The court's scrutiny shall be "highly deferential" and the court must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689-90.  See also Marler v. Blackburn, 777 F.2d 1007, 1010 (5th Cir. 1985).

As pointed out by the government, Lionel Henderson moved to withdraw appellate counsel and her brief in the Fifth Circuit, to which counsel responded by letter.[10]   After receiving counsel's letter, the Fifth Circuit denied Henderson's motion.[11]   Thus, the Fifth Circuit already considered to some extent the adequacy of counsel's representation at the appellate level and found no basis to support Henderson's motion to remove counsel. Moreover, appellate counsel is not required to "raise every nonfrivolous ground that

---

[10]See Letter from Rebecca Hudsmith, Federal Public Defender.  (Rec. Doc. 156-2).

[11]Order (Rec. Doc. 156-3).

9

might be pressed on appeal." <u>Ellis v. Lynaugh</u>, 873 F.2d 830, 840 (5th Cir. 1989).  As part of appellate advocacy, an attorney may choose to concentrate her arguments, as counsel did in this case, on the issues she feels are strongest on appeal. <u>Id</u>.; <u>Wicker v. McCotter</u>, 783 F.2d 487, 497 (5th Cir. 1986).

The undersigned finds there is every indication that appellate counsel followed a well-considered appellate strategy and no indication that appellate counsel's representation fell below any standard of reasonable professional assistance.

***Conclusions and Recommendation***

_____ For the reasons given above,

**IT IS RECOMMENDED** that Lionel J. Henderson's Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Rec. Doc. 153) be **DENIED and DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A  party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within**

**fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Lafayette, Louisiana, this 29th day of October, 2010.


Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

11