UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LIONEL J. HENDERSON | CRIMINAL ACTION NO. 05-CR-60040 |
| Prisoner No., 12794-035 | CIVIL ACTION NO. 09-CV-451 |
| | |
| VERSUS | JUDGE HAIK |
| | |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Before this Court are Defendant's motions[1], brought pursuant to 28

U.S.C.§2255, to vacate, set aside, or correct his sentence [Rec. Docs. 229, 230,

231, 234], which motions were referred to the undersigned for review, report, and

recommendation in accordance with the provisions of 28 U.S.C. §636 and the

standing orders of this Court.  For the following reasons, it is recommended that

the motions be deemed successive and that they be TRANSFERRED to the United

States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. §1631 for further

proceeding as provided by 28 U.S.C. §2244.

***Facts and Procedural History:***

Lionel Henderson was indicted on July 13, 2005, for Count 1, Conspiracy to

---

[1]Rec. Doc. 230 is described as an amendment to the original motion.  Rec. Doc. 231 is
styled as a Motion Requesting Order for Government to Show Cause as to Why District Court
Should not Rule in Favor of the Plaintiff, and Rec. Doc. 234 is filed as a separate motion to
vacate pursuant to §2255. All will be addressed herein as amendments to the original motion at
Rec. Doc. 229.

Distribute Cocaine Base (Crack), in violation of 21 U.S.C. §846 (50 or more grams); Count 2, Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) (approximately 128.3 grams); Count 3, Distribution of Cocaine Base in violation of 21 U.S.C. §841(a)(1) (approximately 124.9 grams).   On December 14, 2005, Henderson was charged by superseding indictment with the original three counts and an additional Count 4, Distribution of Cocaine Base in violation of 21 U.S.C. §841(a)(1) (approximately 119.14 grams); Count 5, Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1); Count 6, Possession of Firearm by Convicted Felon in violation of 18 U.S.C. §922(g)(1); Count 7, Forfeiture, in violation of 18 U.S.C. §924(d)(1), of a black Mauser .45 caliber semiautomatic pistol and eight rounds of Winchester .45 caliber ammunition.

On April 21, 2006, Henderson was  found guilty on Counts 1 and 2, but was found not guilty on Counts 3 and 4, and not guilty on the firearm counts, Counts 5 and 6. [Rec. Doc. 100]  Henderson filed a Motion for New Trial, arguing there was insufficient evidence to convict him on Counts 1 and 2, which was denied. [Rec. Doc. 103]   The government filed a Notice of "Other Crimes" Evidence and a Motion for Hearing to Establish Previous Conviction Pursuant to 21 U.S.C. §851, in which it asked that Lionel Henderson, because of two prior felony drug

convictions, be subject to the mandatory life imprisonment penalty of 21 U.S.C.

§841(b)(1)(A). [Rec. Docs. 81, 93] In August, 2006, Lionel Henderson was

sentenced to life imprisonment. [Rec. Doc. 116]

Henderson appealed his sentence. [Rec. Docs. 117, 120]  The United States

Court of Appeals for the Fifth Circuit affirmed his sentence, issued as mandate on

October 25, 2007. [Rec. Docs. 141-142]   The Fifth Circuit summarized

Henderson's argument on appeal as follows:

> Lionel Henderson claims that the district court erred in finding that
> his state felony convictions for mere possession of cocaine qualified
> as felony drug offenses for the purposes of enhancement under 21
> U.S.C. § 841(b)(1)(A).  He argues that the court subsequently erred in
> sentencing him to life imprisonment.
>                                        .   .   .
>
> He [Lionel Henderson] concedes that this issue is foreclosed by
> circuit precedent, *United States v. Sandle,* 123 F.3d 809, 812 (5th Cir.
> 1997), and raises it to preserve it for further review.  In light of circuit
> precedent, the district court did not err in sentencing Lionel
> Henderson to two concurrent terms of life imprisonment. [Rec. Doc.
> 142, pp. 8, 13]

Henderson's petition for Writ of Certiorari was denied by the United States

Supreme Court on March 24, 2008. *Henderson v. United States*, 552 U.S. 1281,

128 S.Ct. 1704 (2008).

In a Motion to Vacate, Set Aside, or Correct Sentence under 28 USC §2255,

filed March 19, 2009, Henderson argued his constitutional rights were violated

when he was sentenced under the provisions of 21 U.S.C. §841(b)(1)(A) based on

an assumption the relevant substance was "crack" cocaine. Henderson contended

the jury did not find this fact beyond a reasonable doubt in violation of *Apprendi*

*v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000).  Henderson also argued his

life sentence is based on "unjust and racist disparity in punishment between

powder and crack cocaine, in violation of Petitioner's due process and equal

protection rights." [Rec. Doc. 153, p. 7]    He asserted he received ineffective

assistance of counsel at sentencing and on appeal.  He argued his trial counsel

failed to object to his sentence being based on the assumption he was responsible

for "crack" cocaine when no jury finding had been made the substance was

actually "crack."  He argued his appellate counsel was also ineffective because his

trial counsel objected to the introduction of Rule 404(b) evidence, and made

motions for mistrial, a new trial, and acquittal, all of which were denied by the

trial court, but his appellate counsel only raised one issue on appeal, the use of the

state court felony convictions, and that was  "admittedly foreclosed by Circuit

precedent." [Rec. Doc. 153, p. 8] In a Report and Recommendation issued October

29, 2010, this Court found the alleged errors resulting from use of the penalty

provisions for crack cocaine and the constitutionality of those provisions were

procedurally defaulted, since they were not raised on appeal.   Even overlooking

the default, it was the finding of the court that the jury found beyond a reasonable doubt that the substance Henderson was convicted of distributing was "crack" cocaine, and the argument that higher penalties for crack cocaine violate the Equal Protection Clause had been consistently rejected by the Fifth Circuit.  It was also the finding of this Court that Henderson's claims of ineffective assistance had no merit. It was recommended that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2255 be denied and dismissed with prejudice. [Rec. Doc. 166] Henderson lodged objections to the Report and Recommendation. [Rec. Doc. 170] In a Judgment issued January 18, 2011, the District Court adopted the recommendations of the undersigned, denying the motion and dismissing it with prejudice. [Rec. Doc. 186] Henderson's motion for a Certificate of Appealability was denied by the Fifth Circuit on August 24, 2011. [Rec. Doc. 206] His motion for sentence reduction was also denied. [Rec. Doc. 214] He filed a Notice of Appeal from that ruling. [Rec. Doc. 216] On January 9, 2013, the appeal was dismissed by the Fifth Circuit as frivolous. [Rec. Doc. 227]

***The Motions Before the Court:***

The instant motions were filed March 13, 2013, May 30, 2013, June 21, 2013, and August 15, 2013. In the motions, which will be considered together, Henderson has reasserted claims previously articulated in his first §2255 motion

filed in 2009. [Rec. Doc. 153] He has also asserted claims for vacating and modifying his sentence which he alleges are based on 'new law' and/or jurisprudence enacted and/or decided since his sentencing and since his first §2255 motion.  He now asserts that since enactment of the Fair Sentencing Act, his previous argument that the higher penalties for crack cocaine violations violate the Equal Protection Clause of the Fifth Amendment find new support in the FSA and the Supreme Court decision in *Dorsey v. United States*, __ U.S. __, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012).  He also urges that he is actually innocent of the sentence imposed upon him, based on  recent Supreme Court decisions including *Henderson v. United States*, ___ U.S. ___, 133 S.Ct. 1121, 185 L.Ed.2d 85 (2013) and *Moncrieffe v. Holder*, __ U.S. __, 133 S.Ct. 1678, 185 L.Ed.2d 727 (2013).  In the pending motions, Henderson argues that recent decisions by the United States Supreme Court warrant his immediate resentencing since his sentencing enhancements based on prior criminal convictions cannot stand on retroactive application of the new decisions.

## LAW AND ANALYSIS

The pending motions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA.") *United States v. Orozco-Ramirez,* 211 F.3d 862, 866 (5th Cir. 2000). The AEDPA includes a restriction on "second or successive"

-6-

applications for collateral review, which serves a gatekeeping function by preventing the repeated filing of *habeas* petitions that attack the prisoner's underlying conviction. *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009).  Although the AEDPA does not define the term "second or successive," the jurisprudence is clear that a prisoner's application for postconviction relief is not deemed to be "second or successive" simply because it follows an earlier petition for such relief.  Instead, a subsequent motion is considered to be "second or successive" when it either raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or constitutes abuse of the writ process. *In re Sepulvado*, 707 F.3d 550, 553 (5th Cir. 2013); *United States v. Orozco-Ramirez,* 211 F.3d at 867; *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

Federal law places restrictions on "second or successive" petitions filed pursuant to Section 2255. *Castro v. United States*, 540 U.S. 375, 377 (2003). First, the "AEDPA's bar on second or successive petitions only applies to a later-in-time petition that challenges the same. . . judgment as an earlier-in-time petition." *In re Lampton*, 667 F.3d at 588. [2]  In this case, the instant motion for

_____

[2]  Although *Lampton* dealt with a challenge to a state-court judgment, the AEDPA is equally applicable to state-court convictions and federal-court convictions.  *United States v. Orozco-Ramirez,* 211 F.3d at 864 n. 4.

postconviction relief challenges the same sentence that was the object of

Henderson's prior §2255 motion, which was adjudicated on the merits and denied

and dismissed with prejudice by this Court.

Second, under 28 U.S.C. §2255, a second or successive motion brought by a

prisoner in federal custody must contain either

> (1) *newly discovered evidence* that, if proven and
> viewed in light of the evidence as a whole, would be
> sufficient to establish by clear and convincing evidence
> that no reasonable factfinder would have found the
> movant guilty of the offense; or
> (2) *a new rule of constitutional law*, made *retroactive*
> to cases on collateral review by the Supreme Court, that
> was previously unavailable.  28 U.S.C. §2255(h)(1)-(2)
> (emphasis added).

Henderson does not suggest that the instant motion for postconviction relief

satisfies the first part of this statute nor did he present any evidence to show that

any newly- discovered evidence entitles him to collateral review.  Instead, he

argues that laws enacted and Supreme Court cases decided after his conviction

mandate classification of his motion as not successive and therefore subject to

consideration and ruling by this Court.  But "[r]elief under 28 U.S.C. §2255 is

reserved for transgressions of constitutional rights and for a narrow range of

injuries that could not have been raised on direct appeal and would, if condoned,

result in a complete miscarriage of justice.  Nonconstitutional claims that could

have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (internal citations omitted), citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). Therefore, a prisoner seeking to establish that his motion for postconviction relief is not successive cannot rely on just any new decision from the Supreme Court; he can rely only upon a Supreme Court decision that articulates a new rule of Constitutional law that has been decreed to apply retroactively in cases seeking collateral review.

In this case, none of the new cases cited by Henderson creates "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h)(2).  As the Fifth Circuit has explained, "[o]nly the Supreme Court can render a new rule retroactively applicable to cases on collateral review."  *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013), citing *Tyler v. Cain*, 533 U.S. 656, 662–63 (2001). Therefore, he has not articulated a basis on which his numerically second application for postconviction relief might properly be found to be not successive.

First, Henderson argues that, in *Henderson v. United States*, __ U.S. __, 133 S.Ct. 1121, 185 L.Ed.2d 85 (2013), the United States Supreme Court announced a new interpretation of the plain error rule, entitling him to review of his sentence in

light of *Lopez v. Gonzales*[3], 549 U.S. 47, 60 (2006), which holds that "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law."  The issue presented in *Henderson* was the proper interpretation of Fed. R. Cr. P. Rule 52(b), which states that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention."  *Henderson* held that an error is plain, within the meaning of this rule, if it is plain at the time of appellate review. *Henderson v. United States*, 133 S.Ct. at 1124-25. The court did not issue a new rule regarding Constitutional law; instead, it issued a new rule of statutory interpretation.  Consequently, *Henderson* affords no basis for finding that Lionel Henderson's instant application for postconviction relief is not successive.

Next, Henderson argues that, under *Moncrieffe v. Holder*, __ U.S. __, 133 S.Ct. 1678 (2013), decided after he filed his original motion for postconviction relief, he was improperly sentenced because his prior state-court drug convictions do not qualify as an "aggravated felony" for purposes of the §851 sentence enhancement.  In *Moncrieffe,* the Supreme Court explained that the Immigration

---

[3]In *Lopez v. Gonzales*, 549 U.S. 47, 127 S.Ct. 625 (2006), decided in December, 2006, before the Fifth Circuit's ruling on Henderson's appeal, the Supreme Court articulated a new rule of statutory interpretation that has no Constitutional implications.  In that case, the issue presented was whether conduct made a felony under state law but a misdemeanor under the federal Controlled Substances Act ("CSA") constitutes a felony punishable under the CSA for INA purposes.  The Court held that it does not.  *Lopez v. Gonzales*, 549 U.S. at 50.

and Nationality Act ("INA") provides that when a noncitizen has been convicted of a crime classified as an aggravated felony, he is both deportable and ineligible for certain discretionary forms of relief that might otherwise be available.  The Court held that "[i]f a noncitizen's conviction for a marijuana distribution offense fails to establish that the offense involved either remuneration or more than a small amount of marijuana, the conviction is not for an aggravated felony under the INA." *Moncrieffe v. Holder*, 133 S.Ct. at 1693-94.  Accordingly, the Court's ruling was one of statutory interpretation.  The Court did not issue a new Constitutional rule.

Henderson also urges that he should be resentenced in accordance with the Fair Sentencing Act and *Dorsey v. United States*, another Supreme Court case decided after his original §2255 motion.  Federal statutes impose mandatory minimum prison sentences upon those convicted of federal drug crimes.  These statutes typically base the length of a minimum prison term upon the kind and amount of the drug involved.  Until 2010, the relevant statute imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one-one-hundredth that amount of crack cocaine.  On August 3, 2010, Congress enacted the Fair Sentencing Act reducing the crack-to-powder cocaine disparity from 100–1 to 18–1. 124 Stat. 2372. The

-11-

amount of crack triggering the 5-year mandatory sentence was changed from 5 grams to 28 grams; the trigger amount for the mandatory 10-year sentence was changed from 50 grams to 280 grams. 21 U.S.C.A. §841. The Act also directed the Sentencing Commission to make conforming amendments to the Guidelines, which became effective on November 1, 2010.

As of October 19, 2011, in *United States v. Tickles*, 661 F.3d 212 (5th Cir.2011), the Fifth Circuit had held that "the FSA was not retroactively applicable, despite its beneficent intentions, to conduct that occurred pre-enactment." *Id* at 214.  The *Tickles* decision was abrogated by *Dorsey v. United States* on June 21, 2012,  when the Supreme Court held that the FSA's new, more lenient mandatory minimum sentencing provisions apply to defendants sentenced after August 3, 2010, including defendants whose conduct occurred prior to the FSA's enactment. Per *Dorsey*, the more lenient penalties also apply to offenders who committed offenses prior to the Act's effective date and were sentenced after the effective date, but before the new Sentencing Guidelines concerning the disparity took effect.  In *Dorsey,* the Court determined that a defendant who committed an offense prior to the effective date of the FSA but was sentenced after the effective date was entitled to the benefits of the FSA for crimes to which it applies. *Id.* at 2335 ("[I]n federal sentencing the ordinary practice is to apply

new penalties to defendants not yet sentenced."). *Dorsey* expressly acknowledged that defendants who committed a crime addressed in the FSA but who were sentenced before the FSA's effective date will be subject to a different result than those who committed the same crime on the same date but were sentenced afterwards. *Id.* ("We consequently conclude that this particular new disparity (between those pre-Act offenders already sentenced and those not yet sentenced as of August 3[, 2010] ) cannot make a critical difference.").

In the instant case, Henderson's offensive conduct occurred before the effective date of the FSA; he was also sentenced before the effective date of the FSA and before the effective date of the amended sentencing guidelines. On that basis, Henderson cannot benefit from the more lenient mandatory minimum sentencing provisions established by the FSA and *Dorsey*.

Finally, the AEDPA requires a prisoner to obtain authorization from the court of appeals before filing a second or successive §2255 motion.  "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence. . . or (2) a new rule of constitutional law. . . ."  28 U.S.C. §§ 2255, 2244(b)(3)(A).  This statutory provision bars a district court from asserting jurisdiction over a claim presented in a second or successive application unless the appellate court first

-13-

grants the petitioner permission to file the application. *Strickland v. Thaler*, 701 F.3d 171, 174 (5th Cir. 2012), citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). The record of this case contains no indication that Henderson sought authority from the Fifth Circuit before filing the instant motions.  Having found that Lionel Henderson has not identified newly-discovered evidence or a new and retroactive rule of Constitutional law that might mandate a recalculation of his sentence, the undersigned consequently finds that this Court lacks jurisdiction to entertain the motion. Henderson's failure to seek appellate court authorization acts as a jurisdictional bar. *Crone v. Cockrell*, 324 F.3d 833, 838 (5th Cir. 2003); *United States v. Key*, 205 F.3d at 774; *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

In summary, Charles's motion is flawed for two reasons:  he did not seek authority from the Fifth Circuit before filing the motion, and the motion does not satisfy AEDPA's criteria for sustainable "second or successive" motions. Therefore, the undersigned finds that this Court is without jurisdiction to hear Lionel Henderson's  pending motion.

Having no jurisdiction, the Court is unable to rule on the motion for the appointment of counsel and the motion for an evidentiary hearing (Rec. Doc. 229, p. 7) that are embedded in the instant motion.

The Fifth Circuit, in the case of *In Re Epps*,127 F.3d 364 (5th Cir. 1997),

-14-

outlined the procedure to be used when a district court determines that transfer of a "second or successive" *habeas corpus* petition to the Court of Appeals is appropriate.  The *Epps* decision did not mandate the transfer of successive §2255 petitions to the Fifth Circuit.  Instead, it suggested that transfer might be appropriate in some cases and set forth a procedure to be used when a successive petition filed without prior authorization is transferred to the appellate court by a district court.  Transfer of this case is appropriate and authorized by 28 U.S.C. § 1631, which states that:

> Whenever a civil action is filed in a court... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred. . . .

The undersigned concludes that Lionel Henderson's motion should be transferred to the court of appeals so that Henderson may seek permission from that court to file this successive motion.

## CONCLUSION AND RECOMMENDATIONS

The undersigned finds, for the foregoing reasons, that Henderson's petition is an impermissible successive petition for collateral review.  Furthermore, Henderson did not seek authorization from the Fifth Circuit Court of Appeals

before filing the motion.  Therefore, this Court lacks jurisdiction over this matter and cannot consider the merits of Charles's claims.  For these reasons,

**IT IS RECOMMENDED** that the instant motion(s) be deemed successive and that it be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. §1631 for further proceeding as provided by 28 U.S.C. §2244.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A  party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).**

-16-

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §  2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed at Lafayette, Louisiana this 25th day of April, 2014.

_____
Patrick J. Hanna
United States Magistrate Judge